UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
GLEN CAMPBELL,

      Plaintiff,

-against-

ARMOR CORRECTIONAL HEALTH, INC.,
NASSAU COUNTY,

      Defendants.
------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
14-CV-00504 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 25 2014 ★
BROOKLYN OFFICE

AMON, Chief United States District Judge:

  Plaintiff Glen Campbell, currently incarcerated at Nassau County Correctional Facility, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, the Court dismisses plaintiff's complaint for failure to state a claim upon which relief may be granted. Plaintiff is granted thirty (30) days leave to submit an amended complaint, as detailed below.

## Background

  Plaintiff alleges that since November 4, 2013, defendant Armor Correctional Health, Inc., has failed to provide plaintiff with appropriate medical care. (Compl ¶ IV). Specifically, plaintiff alleges that Armor refused to remove his stitches in an appropriate time period and failed to provide him with antibiotics. (Id.) As a result, plaintiff alleges that his wound became swollen and infected. (Id.) Plaintiff seeks monetary damages.

## Standard of Review

  Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

1

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless,such as when allegations are the product of delusion or fantasy"; or (2) "the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537

F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

In order to maintain a § 1983 action, plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

Plaintiff must also allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)); Hendrix v. City of New York, No. 12-CV-5011, 2013 WL 6835168, at *3 (E.D.N.Y. Dec. 20, 2013). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003); Gusler v. City of Long Beach, 823 F. Supp. 2d 98, 139 (E.D.N.Y. 2011). A complaint based upon a violation under Section 1983 that does not

3

allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 Fed. App'x. 199 (2d Cir. 2010).

Armor Correctional Health, Inc.

Armor Correctional Health, Inc. ("Armor"), is a private company contracted to perform medical services for inmates at the Nassau County Correctional Center. See, e.g., Gaines v. Armor Health Care, Inc., No. 12-CV-4666, 2012 WL 5438931, at *3 (E.D.N.Y. Nov. 2, 2012); Cofield v. Armor Corr. Health, No. 12-CV-1394, 2012 WL 1222326, at *2 (E.D.N.Y. Apr. 11, 2012). To the extent that plaintiff seeks to argue that Armor was acting under color of state law for purposes of Section 1983 by providing health services for incarcerated inmates, his claim fails. A private employer may only be held liable under Section 1983 for the acts of its employees where the unconstitutional act was authorized or undertaken pursuant to the official policy of the private entity employer and the private entity employer was jointly engaged with state officials, or its conduct is chargeable to the state. Gaines, 2012 WL 5438931, at *3; Cofield, 2012 WL 1222326, at *2. Here, plaintiff fails to allege any facts to show that the alleged constitutional deprivation was undertaken pursuant to an official policy or custom of Armor's, or that Armor's conduct was chargeable to the state. Accordingly, plaintiff's claim against Armor is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Nassau County

To the extent that plaintiff seeks to name Nassau County as a defendant, his claim also fails. The Supreme Court has held that a municipal entity may be held liable under Section 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a

municipal "policy or custom." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Here, plaintiff has failed to allege any unconstitutional policy, practice, or custom by Nassau County. To prevail on a Section 1983 claim against a municipality, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick v. Thompson, --- U.S. ----, 131 S. Ct. 1350, 1359 (2011) ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691)).

Plaintiff's complaint fails to allege any factual allegations to show that a municipal policy or custom existed that caused the alleged constitutional deprivations of which plaintiff complains. Accordingly, to the extent that plaintiff seeks to assert a Section 1983 claim against Nassau County, his claims are dismissed for failure to state a claim upon which relief may be granted. See, e.g., White v. St. Joseph's Hospital, 369 Fed. App'x. 225, 226 (2d Cir. 2010) (affirming *sua sponte* dismissal of Section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality."). See 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

### Leave to Amend

In light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint. Should plaintiff elect to file an amended complaint he must name as proper defendants those individuals who have some personal involvement in the

5

action he alleges in the amended complaint and provide relevant dates. See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution.").

If plaintiff wishes to bring claims against a defendant and does not know the name of the individual, he may identify each of them as John or Jane Doe, identify their place of employment, and to the best of his ability describe each individual and the role he or she played in the alleged deprivation of plaintiff's rights.

The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall enter judgment.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Carol Bagley Amon
CAROL BAGLEY AMON
Chief United States District Judge

Dated: August 22, 2014
Brooklyn, New York